UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EJAUNN C. HOGAN,<br><br>          Plaintiff,<br><br>   v.<br><br>R. BARRAZA, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-01720-SKO<br><br>**ORDER DIRECTING CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS**<br><br>**ORDER REMINDING PLAINTIFF OF HIS OBLIGATION TO OBEY THE COURT'S ORDERS AND LOCAL RULES** |

Plaintiff Ejaunn C. Hogan is appearing pro se and *in forma pauperis* in this civil rights action.

**I.     RELEVANT BACKGROUND**

Plaintiff filed his original complaint and an application to proceed *in forma pauperis* (IFP) on December 15, 2023. (Docs. 1 & 2.) The Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case that same day. (Doc. 4.)

On March 4, 2024, previously assigned Magistrate Judge Gary S. Austin issued his order granting Plaintiff's IFP application. (Doc. 10.)  On October 6, 2025, this action was reassigned from Judge Austin to the undersigned for all further proceedings. (Doc. 11.) The order was served on Plaintiff that same date to his address on record with the Court.

On October 23, 2025, the United States Postal Service (USPS) returned the reassignment

order marked "Undeliverable" and "Refused."

**II.    DISCUSSION**

Following the return of the Court's October 6, 2025, order by the USPS, the undersigned conducted a review of the docket and consulted the California Department of Corrections and Rehabilitation's inmate locator tool. Although the docket for this action indicates Plaintiff is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, the California Incarcerated Records and Information Search (CIRIS) tool reveals that Plaintiff is currently incarcerated at the California State Prison, Los Angeles County (CSP-LAC).[1] Therefore, the Court will direct the Clerk of the Court to update Plaintiff's address and to re-serve the October 6, 2025, order to Plaintiff at CSP-LAC.

Plaintiff is reminded of his obligation to keep the Court apprised of his current address. *See* Local Rules 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address … shall be fully effective") & 183(b) ("A party appearing in pro propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in pro propria persona by the Clerk is returned by the U.S. Postal Service, and if the plaintiff fails to notify the Court and opposing parties within thirty (30) days of a current address, the Court may dismiss the action without prejudice for failure to prosecute"); *see also* Doc. 4 at 1 ("In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)") & 5 ("VIII. Current Address Required").[2]

Although the Court elected to consult the CIRIS tool on this occasion and will direct the Clerk of the Court to update Plaintiff's address,[3] the Court is *not* obligated to do so. It is

---

[1] https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BH9592, last accessed December 2, 2025.

[2] A Notice of Change of Address form was included for Plaintiff's use. (*See* Doc. 4 at 7.)

[3] The docket for this action reflects the last order issued by the Court was Judge Austin's March 2024

2

Plaintiff's responsibility to keep the Court apprised of his current address throughout the course of the litigation. **Plaintiff is warned that in the event he fails to keep the Court apprised of any change in address moving forward, the undersigned will recommend this action be dismissed for a failure to obey court orders and this Court's Local Rules, and for a failure to prosecute.**

Plaintiff's original complaint will be screened in due course.[4]

### III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** the Clerk of the Court to take the following actions:

1. Update Plaintiff's address of record to reflect his current incarceration at CSP-LAC; and
2. Re-serve the Order issued October 6, 2025, (Doc. 11), at Plaintiff's new address.

IT IS SO ORDERED.

Dated:    **December 3, 2025**              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

---

order granting Plaintiff IFP status. Considering more than one year and eight months have passed without Court action, the undersigned chose to consult the CIRIS tool rather than issue Findings and Recommendations to dismiss this action, without prejudice, for Plaintiff's failure to keep the Court apprised of his current address.

[4] The Court is required to screen prisoner civil rights complaints. *See* 28 U.S.C. § 1915A(a).