# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EJAUNN C. HOGAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>BARRAZA, et al.,<br><br>                    Defendants. | Case No.  1:23-cv-01720-FRS (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

I.      **Background**

Plaintiff Ejaunn C. Hogan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983.

On January 28, 2026, the Court screened the complaint and found that it failed to state a cognizable claim for relief.  (ECF No. 14.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or

1

otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.    Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  Plaintiff names as defendants: (1) R. Barraza, Correctional Officer; (2) R. Espinoza, Correctional Officer; and (3) Unnamed Nurse.

///

Plaintiff alleges as follows:

On July 21, 2023, Plaintiff's yard at SATF was on lockdown. Plaintiff was being escorted to take a shower. Defendant R. Barraza had Plaintiff in handcuffs positioned behind Plaintiff's back. Defendant Barraza was supposed to be holding Plaintiff's arm per regulation code #3391 in Title 15, but he did not follow guidelines and allowed Plaintiff to fall down the stairs. Plaintiff was not able to catch himself at all due to the handcuffs. Defendant R. Espinoza just stood there and did not intervene or help Plaintiff after his fall, while Plaintiff laid on the floor in handcuffs. Defendant Unnamed Nurse did not assist Plaintiff or show medical care until about 10 to 15 minutes later, as well as not performing a 7219.

Plaintiff suffered nerve damage in his lower back. Plaintiff seeks monetary damages.

**C.    Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

1.    Eighth Amendment

a.    *Conditions of Confinement*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining

3

whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Requiring an inmate to descend stairs while he is wearing restraints, without more, does not equate to a civil rights violation. *See, e.g.*, *Jones v. Meddly*, Case No. 1:17-cv-00109-SAB (PC), 2019 WL 3302358, at *8 (E.D. Cal. July 23, 2019) (granting summary judgment on inmate's deliberate indifference claim that he fell descending metal steps while wearing restraints); *Gray v. Warm Springs Corr. Ctr.*, No. 2:13-cv-00901-RCJ-VCF, 2013 WL 4774632, at *4 (D. Nev. Sept. 4, 2013) (dismissing prisoner's claim because he "ple[d] no facts indicating that any defendant was aware of an excessive risk that Plaintiff would fall down the stairs, e.g., based on past incidents," and noting that "even though the risk of tripping naturally increases" when an inmate is shackled, it is not deliberate indifference); *Denton v. Bala*, No. C 13-1374 SI (pr), 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013) ("[L]arge numbers of people regularly climb and descend stairs without holding arm-rails, and large numbers of people regularly climb and descend stairs with their arms restricted (e.g., by holding packages, children, etc.)—all without falling," and therefore, "requiring the handcuffed inmate to descend a flight of stairs did not present an objectively serious condition required for an Eighth Amendment claim."); *Curry v. Tilton*, No. C-07-0775 EMC (pr), 2012 WL 967062, at *14 (N.D. Cal. Mar. 21, 2012) ("Requiring an inmate to descend stairs while in waist restraints does not deny him the minimal

4

civilized measure of life's necessities.").

Plaintiff alleges only that Defendant Barraza failed to hold Plaintiff's arm while escorting him handcuffed down the stairs.  Plaintiff does not allege that Defendant Barraza was objectively aware of any other reason that Plaintiff was at an increased risk of falling down the stairs.  Plaintiff therefore fails to state a cognizable claim for relief against Defendant Barraza.

b.    <em>Medical Care</em>

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does not allege how far he fell down the stairs and does not otherwise allege that he had a serious medical need after falling down the stairs.  Therefore, Plaintiff fails to allege a

5

cognizable claim against Defendant Espinoza or Defendant Unnamed Nurse for failing to provide Plaintiff with more immediate assistance, medical or otherwise, after his fall.  Plaintiff alleges that he was provided medical care by Defendant Unnamed Nurse after 10 to 15 minutes, and while this may rise to the level of indifference or negligence, as currently alleged, the Court does not find that it rises to the level of deliberate indifference.

### 2. Prison Regulations

To the extent Plaintiff argues that any Defendant has not complied with applicable state statutes or prison regulations, such as by failing to hold his arm during the escort down the stairs or failing to complete a 7219 form, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### 3. Doe Defendant

Plaintiff names "Unnamed Nurse" as a defendant.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants)

cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### III.   Failure to Prosecute and Failure to Obey a Court Order

#### A.   Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B.   Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

7

639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's January 28, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (ECF No. 14.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding in forma pauperis in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.      Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

8

**or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 16, 2026**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

9