UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EJAUNN C. HOGAN,

      Plaintiff,

    v.

BARRAZA, *et al.*,

      Defendants.

Case No.  1:23-cv-01720-KES-FJS (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM

(ECF No. 17)

FOURTEEN (14) DAY DEADLINE

Plaintiff Ejaunn C. Hogan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 17.)

I.      <u>SCREENING REQUIREMENT AND STANDARD</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

II.      PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at the California State Prison, Los Angeles County, in Lancaster, California.  The events in the first complaint are alleged to have occurred while Plaintiff was housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California.  Plaintiff names as defendants: (1) Barraza; and (2) CDCR Medical.

Plaintiff alleges that Defendant Barraza failed to hold Plaintiff's arm securely while escorting Plaintiff, handcuffed, down the stairs, amounting to negligence.  Defendant Barraza should have been objectively aware of Plaintiff's increased risk of falling down the stairs.  Thus, Barraza's failure to exercise the care expected of a reasonably prudent CDCR officer in like circumstances was marked by Barraza's carelessly easy manner.

Plaintiff further alleges that he needed serious medical attention and was denied a 7219[1] by responding medical staff.  That failure to treat Plaintiff's condition, in good or bad faith, resulted in further significant injury to Plaintiff's back.  Defendant, an unnamed nurse who refused to provide her name, failed to provide a 7219 form (Medical Report of Injury or Unusual Occurrence).

Plaintiff seeks monetary damages for pain and suffering.

---

[1] A "7219" refers to a California Department of Corrections and Rehabilitation form used to document injuries or unusual medical occurrences.

2

III.   DISCUSSION

Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's first amended complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved.  Plaintiff's first amended complaint includes even less information than was provided in the original complaint.  Conclusory statements that Plaintiff's rights were violated, without further factual allegations, are not sufficient to state a cognizable claim.

B.   Exhibits

Plaintiff attached several exhibits to the complaint that are not incorporated by reference.  While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Lam v. Cal. Dep't of Corr. & Rehab.*, No. 1:23-CV-01167 BAM PC, 2023 WL 8701254, at *2 (E.D. Cal. Dec. 15, 2023), report and recommendation adopted, No. 1:23-CV-1167 JLT BAM PC, 2024 WL 201269 (E.D. Cal. Jan. 18, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).  "The Court will not comb through

3

attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim.  In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

The exhibits appear to be copies of portions of Plaintiff's claim filed with the Government Claims program and a healthcare grievance, both referencing the events in the first amended complaint.  A cursory review of the allegations contained therein does not alter the Court's recommendations below.

C.      Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

1.      *Conditions of Confinement*

To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ." *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must

4

have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Requiring an inmate to descend stairs while he is wearing restraints, without more, does not equate to a civil rights violation. *See, e.g.*, *Jones v. Meddly*, Case No. 1:17-cv-00109-SAB (PC), 2019 WL 3302358, at *8 (E.D. Cal. July 23, 2019) (granting summary judgment on inmate's deliberate indifference claim that he fell descending metal steps while wearing restraints); *Gray v. Warm Springs Corr. Ctr.*, No. 2:13-cv-00901-RCJ-VCF, 2013 WL 4774632, at *4 (D. Nev. Sept. 4, 2013) (dismissing prisoner's claim because he "ple[d] no facts indicating that any defendant was aware of an excessive risk that Plaintiff would fall down the stairs, e.g., based on past incidents," and noting that "even though the risk of tripping naturally increases" when an inmate is shackled, it is not deliberate indifference); *Denton v. Bala*, No. C 13-1374 SI (pr), 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013) ("[L]arge numbers of people regularly climb and descend stairs without holding arm-rails, and large numbers of people regularly climb and descend stairs with their arms restricted (e.g., by holding packages, children, etc.)—all without falling," and therefore, "requiring the handcuffed inmate to descend a flight of stairs did not present an objectively serious condition required for an Eighth Amendment claim."); *Curry v. Tilton*, No. C-07-0775 EMC (pr), 2012 WL 967062, at *14 (N.D. Cal. Mar. 21, 2012) ("Requiring an inmate to descend stairs while in waist restraints does not deny him the minimal civilized measure of life's necessities.").

Plaintiff alleges only that Defendant Barraza failed to hold Plaintiff's arm securely while escorting him handcuffed down the stairs. Plaintiff alleges that Defendant Barraza "should have

5

been objectively aware that Plaintiff was at an increased risk of falling down the stairs" but does not allege any factual basis for the increased risk.  (ECF No. 17, p. 3.)  Even assuming Plaintiff was at an increased risk of falling, Plaintiff does not allege how Defendant Barraza was aware of such an increased risk.  To the extent Plaintiff alleges Defendant Barraza acted negligently, this does not rise to the level of deliberate indifference under the Eighth Amendment.  Plaintiff therefore fails to state a cognizable claim for relief against Defendant Barraza pursuant to the Eighth Amendment.

### 2. *Medical Care*

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges in a conclusory fashion that he was suffering from a serious medical need, and the unnamed responding nurse denied him a 7219. Plaintiff appears to allege that the nurse's failure to complete a 7219 constituted a failure to treat Plaintiff's condition, resulting in further significant injury to Plaintiff's back. Plaintiff does not state any facts to support that he was suffering from a serious medical need at all. Although Plaintiff alleged in the original complaint that he fell down the stairs and injured his back, the first amended complaint does not allege that Plaintiff fell down the stairs, or that he suffered any injury. Even if Plaintiff fell down the stairs and injured his back, Plaintiff does not allege how the unnamed nurse's failure to complete a medical form resulted in further injury to Plaintiff's back. Plaintiff also fails to allege what medical treatment, if any, the unnamed nurse provided. As currently alleged, there is no indication that the unnamed nurse's actions or inactions rose to the level of deliberate indifference. Plaintiff therefore fails to state a cognizable claim against the unnamed nurse regarding his medical care.

D.     Prison Regulations

To the extent Plaintiff argues that any Defendant has not complied with applicable state statutes or prison regulations, such as by failing to hold his arm during the escort down the stairs or failing to complete a 7219, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under

7

Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

      E.     Doe Defendant

Plaintiff names "Unnamed Nurse" as a defendant. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

      F.     State Law Claims

Plaintiff may be attempting to bring claim for negligence or medical malpractice pursuant to California state law.

California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

///

///

[2] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[3] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

Based on the exhibits attached to the complaint, the Court assumes that Plaintiff has alleged compliance with the claim presentation requirement of the Government Claims Act.[4]  The Court nevertheless finds that Plaintiff may not pursue his state law claims in the instant action.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  As discussed above, Plaintiff's first amended complaint fails to state any cognizable federal claims.  It will therefore be recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

IV.    CONCLUSION AND RECOMMENDATION

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's federal claims be dismissed for failure to state a cognizable claim upon which relief may be granted, and the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to

---

[4] The Court notes that Plaintiff's claim form is not dated.  (ECF No. 17, p. 13.)  Plaintiff also has not included the response to his claim, if any.

Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 10, 2026**

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE